UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLINTON ROBERT SCOTT, JR., | ) | CASE NO. 1:23-CV-2246 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| U.S. DEPT. OF JUSTICE, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

*Pro se* Plaintiff Clinton Robert Scott, Jr. filed this *in forma pauperis* action against the U.S. Department of Justice, the Drug Enforcement Agency Administration, and the Adult Parole Authority ("APA"). (ECF No. 1). Plaintiff appears to contest a finding that he violated the terms of his post release control. *Id.* at PageID 3–5. He asks the Court for his "freedom" and to terminate his post release control. *Id.* at PageID 5.

## I. BACKGROUND

Plaintiff's complaint is brief. (ECF No. 1). He alleges that the Drug Task Force entered his grandmother's house in April 2023 "looking for drugs" because of an apparent conversation between Plaintiff and another individual. *Id.* at PageID 3. Following a search of the home, the Task Force discovered a firearm. *Id.* at PageID 4. Plaintiff states that later that same night, the Task Force and an APA officer arrested him for possession of the firearm located at his grandmother's house. *Id.* Plaintiff contends the firearm was in the home prior to his arrival there. *Id.*

Plaintiff does not assert any legal claims against Defendants. His only request for relief is for this Court to terminate his post release control. *Id*. at PageID 5. He states that he wants his "freedom." *Id*.

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleadings in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.   DISCUSSION

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Although specific facts are not required to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give Defendants fair notice of what Plaintiff's legal claims are and the factual grounds on which they rest. *Id.*

Here, Plaintiff's complaint, even liberally construed, fails to meet the most basic pleading standard under Rule 8. The complaint does not assert any legal claims or citations to legal authority, and none are apparent on the face of the complaint. Additionally, the complaint contains only conclusory allegations. Plaintiff's pleading is nothing more than a mere "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff fails to state a claim on which the Court may grant relief.

Moreover, Plaintiff cannot obtain the relief he requested in a civil rights action. He seeks his "freedom" and termination of post release control, all related to his state criminal sentence.[1] This relief may only be obtained in federal court through a habeas corpus petition filed after

---

[1] When Plaintiff filed the instant complaint, he apparently was in state court custody. (ECF No. 1, PageID 3). If correct, he necessarily was not on post release control at that time. Post release control is a period of supervision under Ohio law which *follows* release from custody. There is also nothing in the record indicating he will be placed on post release control at a later time. Therefore, it is unclear to the Court what post release control Plaintiff seeks to terminate.

Plaintiff has exhausted his state court remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### IV. CONCLUSION

Accordingly, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e). Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: March 7, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**